UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANTHONY L. SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL ZENK, )<br>)<br>Respondent. ) | No. 1:12-cv-799-WTL-MJD |

**Entry Discussing Petition for Writ of Habeas Corpus**

Anthony Smith is an Indiana prisoner who seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISF 12-03-0262.

The respondent, representing the State of Indiana, has filed a motion to dismiss. Smith has opposed the respondent's motion.

**Discussion**

Smith was found guilty of trafficking in No. ISF 12-03-0262 and was sanctioned with the loss of earned good time, a credit class demotion, a period of time in disciplinary segregation and a written reprimand. This habeas action was filed after Smith's administrative appeals were rejected, but after the habeas action was filed the Indiana Department of Correction reviewed the matter and through administrative fiat vacated the finding of misconduct on September 27, 2012, and ordered a rehearing.

The development described above, being that the finding of misconduct was vacated, renders the action moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.")(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted).

Smith argues that the Department of Correction acted without this court's authority in vacating the challenged disciplinary proceeding by administrative fiat. However, he has not shown that this court's permission for that action was required. *Macktal v. Chao,* **286 F.3d 822, 825 (5th Cir. 2002)**("[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.") (collecting cases)

A case which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* **89 F.3d 464, 467 (7th Cir. 1996)**, *cert. denied,* **117 S. Ct. 1556 (1997)**. When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment,* **523 U.S. 83, 94 (1998)**("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss [12] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2012

Distribution:

Anthony L. Smith  No. 150950
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362

All Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana